WEBSTER, J.
This is the second time this workers’ compensation case has been before us. On the prior appeal, we reversed the order holding that claimant was not permanently and totally disabled “because the findings recited in the order [wejre so conflicting and inconsistent as to make meaningful review impossible.” Allen v. Protel, Inc., 852 So.2d 916, 918 (Fla. 1st DCA 2003). We held that the reason recited for rejection of the expert medical advisor’s opinion that claimant had reached maximum medical improvement and was totally disabled from a psychiatric standpoint was insufficient to overcome the statutory presumption of correctness to be accorded to such an opinion, particularly in light of other medical findings made, id. at 920; and noted that, having rejected the opinions of the employer’s and carrier’s medical experts, “no medical evidence remained before the [judge of compensation claims] from which he could conclude that claimant was not [permanently and totally disabled].” Id. However, stating that “it is not our function to evaluate and weigh the evidence produced below,” we remanded for further proceedings consistent with our opinion. Id. at 921.
On remand, the judge did not conduct a hearing. Instead, over claimant’s objection, he made additional findings and directed the employer and carrier to draft an order consistent with those findings. The ensuing order again denied the request for permanent total disability benefits, for essentially the same reasons as had been expressed in the order we had reversed, but with embellishments. However, we conclude that those embellish *559 ments are not sufficient to overcome our prior ruling.
We again conclude that the record does not contain competent, substantial evidence to support the judge’s finding that the expert medical advisor’s opinion that claimant had reached maximum medical improvement and was permanently and totally disabled from a psychiatric standpoint was clearly and convincingly erroneous. See id. at 920 (citing Walgreen Co. v. Carver, 770 So.2d 172 (Fla. 1st DCA 2000)). Because the judge has again rejected the opinions of the employer’s and carrier’s medical experts that claimant is not permanently and totally disabled, there is no competent, substantial evidence in the record from which the judge might reach any conclusion other than that claimant is permanently and totally disabled. Accordingly, we again reverse and remand, this time with instructions that the judge enter an order granting the claim for permanent total disability benefits.
REVERSED and REMANDED, with directions.
DAVIS and THOMAS, JJ., concur.